UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SALAHUDDIN F. SMART,

        Plaintiff,

v.

CAMDEN COUNTY DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

Civ. No. 12-7782 (RBK) (AMD)

**OPINION**

**<u>ROBERT B. KUGLER, U.S.D.J.</u>**

      Plaintiff submitted a complaint as a pre-trial detainee while he was detained at the Camden County Correction Facility in Camden, New Jersey in December 2012. He brings this civil rights action *pro se* under 42 U.S.C. § 1983. The Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. *See* Local Civil R. 5.1(f). The filing fee for a civil complaint is $350.00. While the Clerk has received the complaint, the complaint has not been filed as Plaintiff has not paid the filing fee nor has Plaintiff been granted *in forma pauperis* status.

      On January 17, 2013, the Court administratively terminated this action as Plaintiff's application to proceed *in forma pauperis* that accompanied his complaint was incomplete. Plaintiff was given thirty days to either pay the applicable filing fee or submit a complete application to proceed *in forma pauperis*. Thereafter, on February 7, 2013, Plaintiff submitted another application to proceed *in forma pauperis*. Accordingly, the Clerk will be ordered to reopen this case.

1

A prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.*; *see also* Local Civil R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a civil rights complaint . . . the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification."). In this case, the February 7, 2013 application to proceed *in forma pauperis* is incomplete as it lacks a certification signed by the appropriate prison official of Plaintiff's prison account statement. Accordingly, the application to proceed *in forma pauperis* will be denied without prejudice.

Even if a prisoner is granted *in forma pauperis* status, he must pay the full amount of the filing fee. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20 % of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2).

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring

another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

As Plaintiff's *in forma pauperis* application is incomplete because his prison account statement has not been certified by the appropriate prison official, the Clerk will be ordered to administratively reclose the case. However, Plaintiff shall be given an opportunity reopen this action by either paying the filing fee or submitting a complete *in forma pauperis* application.

The Court notes that on August 9, 2013, Plaintiff submitted a notice of change of address that indicates that he is no longer in prison. Accordingly, the Clerk will be ordered to send to Plaintiff an application to proceed *in forma pauperis* by a non-prisoner.


DATED: September 23, 2013

                                    s/Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge