UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SALAHUDDIN SMART, | : | |
| Plaintiff, | : | Civ. No. 12-7782 (RBK) (AMD) |
| v. | : | **MEMORNADUM ORDER** |
| CAMDEN COUNTY DEPARTMENT OF CORRECTIONS, et al. | : | |
| Defendants. | : | |

Plaintiff was a pretrial detainee at the Camden County Correctional Facility in Camden, New Jersey when he initially submitted this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On January 17, 2013, plaintiff's original application to proceed *in forma pauperis* was denied without prejudice.[1] Subsequently, on February 7, 2013, plaintiff submitted another application to proceed *in forma pauperis*. On August 9, 2013, before the Court ruled on plaintiff's second application to proceed *in forma pauperis*, plaintiff submitted a notice of a change of address which indicated that he was no longer incarcerated.

On September 23, 2013, the Court denied without prejudice plaintiff's second application to proceed *in forma pauperis* as it lacked a certification signed by the appropriate prison official. (*See* Dkt. Nos. 12 & 13.) The matter was then administratively closed. Furthermore, as plaintiff had indicated one-month prior to that ruling that he had been released from prison, the Court ordered the Clerk to send to petitioner an application to proceed *in forma pauperis* by a non-prisoner if he elected to attempt to reopen this action by filing another application to proceed *in forma pauperis*. (*See id.*)

---

[1] It is worth noting that as plaintiff was a prisoner at the time he filed this action, the Prison Litigation Reform Act applies. *See Drayer v. Attorney Gen. of Del.*, 81 F. App'x 429, 431 (3d Cir. 2003) (per curiam) (quoting *In re Smith*, 114 F.3d 1241, 1251 (D.C. Cir. 1997)).

1

On January 17, 2014, the Court received plaintiff's third application to proceed *in forma pauperis*. (*See* Dkt. No. 15.) Thus, the Clerk will be ordered to reopen this action. This third application to proceed *in forma pauperis* was completed on the form for a non-prisoner. Before the Court ruled on plaintiff's application to proceed *in forma pauperis* by a non-prisoner, plaintiff indicated to the Court that he is now back in prison. Indeed, his most recent change of address indicates that his new address is at Jones Farm, in West Trenton, New Jersey. (*See* Dkt. No. 16.)

The Court will deny plaintiff's pending application to proceed *in forma pauperis* without prejudice. As plaintiff was incarcerated at the time he filed this civil action, and as plaintiff has now been re-incarcerated, this re-incarceration necessitates that he now file a prisoner *in forma pauperis* application, which includes a certified prisoner trust account statement before the Court can rule on his *in forma pauperis* application. *Accord Smith v. Scott*, No. 13-0613, 2014 WL 908423, at *2 (S.D. Ohio Mar. 7, 2014) (noting that while plaintiff filed his non-prisoner *in forma pauperis* application during his release from prison, his reincarceration necessitated the Magistrate Judge to order him to file a prisoner *in forma pauperis application*, including a certified trust account statement). The current pending application to proceed *in forma pauperis* does not include such a certified statement. Therefore, plaintiff's current pending non-prisoner application to proceed *in forma pauperis* will be denied without prejudice. Plaintiff will be ordered to submit a prisoner application to proceed *in forma pauperis* (or prepay the filing fee), which includes a certified six-month prisoner trust account statement within thirty days if he elects to continue this action.

Accordingly, IT IS on this __28th__ day of __June__, 2014,

ORDERED that the Clerk shall reopen this case;

ORDERED that plaintiff's application to proceed *in forma pauperis* (Dkt. No. 15.) is denied without prejudice; and it is further

ORDERED that the Clerk shall re-administratively terminate this case, without filing the complaint or assessing a filing fee; plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar provided the original complaint was timely; and it is further

ORDERED that plaintiff may have the above entitled case reopened, if, within thirty (30) days of the date of the entry of this Order, Plaintiff either pre-pays the $350.00 filing fee[2] **or** submits to the Clerk a complete signed *in forma pauperis* application, including a certified six-month prison account statement; and it is further

ORDERED that upon receipt of a writing from plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or filing fee, within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

ORDERED that the Clerk shall serve on plaintiff by regular U.S. mail this Memorandum Order and a blank form application to proceed *in forma pauperis* by a prisoner in a civil rights case.

    s/Robert B. Kugler
    ROBERT B. KUGLER
    United States District Judge

---

[2] As plaintiff submitted his original complaint prior to May 1, 2013, the proper filing fee would be $350.00 as opposed to $400.00 as the $50.00 administrative fee would not apply to plaintiff.