# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| SALAHUDDIN F. SMART | |
| Plaintiff, | Civil No. 1:12-cv-07782 (RBK/KMW) |
| v. | **OPINION** |
| CAMDEN COUNTY DEPT. OF CORRECTIONS, et al. | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter arises upon Defendants Camden County Department of Corrections and Camden County Board of Chosen Freeholders' ("Defendants") motion for summary judgment. For the reasons set forth in the opinion below, this motion is **GRANTED**.

## I.  BACKGROUND

Plaintiff Salahuddin F. Smart ("Plaintiff") filed suit *pro se* on December 21, 2012, alleging violations of his Fourth Amendment rights. Plaintiff asked for unspecified damages stemming from a strip search that occurred while he was an inmate at Camden County Correctional Facility ("CCCP").

On December 7, 2012, a Corrections Officer received information that an inmate had reported that his cell mate had "passed off a switch blade knife to the 3SA inside runner this morning at breakfast." *See* Def. Br. at 1; Def. Ex. C. That information was passed to his superiors and triggered a lock down of 3 South B block. *Id.* All of the inmates of 3 South B

block, including Plaintiff, were strip-searched in the shower area and held until their rooms were searched. *See id.*; Pl. Compl. (Doc. No. 1). No knife was found. *See* Def. Br. at 1.

## II. STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushida Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255; *Matsushida*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. ANALYSIS

There is no factual dispute about whether Plaintiff was strip-searched—the parties agree that he was. The United States Supreme Court has held that there is no Fourth Amendment right to be free from strip-searches in prison, as long as the search is conducted reasonably. *See, e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 539 (1979). The question of reasonableness depends upon a balancing of the requisite personal invasion versus the need for the strip search. *Parkell v. Danberg, et al*, 833 F.3d 313, 326 (3d Cir. 2016) (citing *Bell*, 441 U.S. at 559); *see also Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 326 (2012). Procedures that are, for example, vindictive or excessive could potentially constitute Fourth Amendment violations, but "the contours of prisoners' Fourth Amendment rights" are "very narrow." *Parkell*, 833 F.3d at 326.

Plaintiff alleges that the official report of the incident in question was based on false information because the Corrections Officer who received the tip about the knife was a "racist." Def. Br. at 5; *See* Def. Exhibit E, Pl. Dep. Tr. at 50-55. But Plaintiff offers no probative evidence from which a jury might return a verdict in his favor—instead, his case relies solely upon his own allegations. Furthermore, the circumstances surrounding Plaintiff's search were reasonable—prison authorities have offered evidence of a reason to believe that there was a weapon in the block. *See* Def. Br. at 5. As Defendants note in their brief, *not* searching Plaintiff and others under these circumstances might well have been unreasonable. *Id.* Therefore, under the balancing test set forth in *Parkell*, the need for the search greatly outweighed any personal rights invaded by the search's nature. *See Parkell*, 833 F.3d at 326.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is **GRANTED.**


Dated:   09/20/2017                                  s/Robert B. Kugler  
                                                     ROBERT B. KUGLER  
                                                     United States District Judge